# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cr-00280-JCM-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DOMINIQUE WELLS, ANDRE HALL, and ) | **Motions to Sever (#41, #43) and** |
| CHRISTOPHER DOBBINS ) | **Joinder to Motions to Sever (#46)** |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendant Christopher Dobbins' Motion to Sever (#41), filed on December 1, 2014; Defendant Andre Hall's Motion to Sever (#43), filed on December 2, 2014; and Defendant Dominique Well's Joinder to Co-Defendants' Motions to Sever (#46), filed on December 4, 2014. The Government filed an Omnibus Response (#55) to the motions for severance and joinder on January 13, 2015. Defendants Dobbins and Hall filed their Replies (#56, #58) on January 20, 2015. The Court conducted hearings on these motions on January 28, 2015 and February 4, 2015.

## BACKGROUND AND DISCUSSION

The twelve count indictment in this case charges Defendants with respect to five separate robberies. Defendant Dominique Wells is charged with committing all five robberies that allegedly occurred on June 15, 2014, June 19, 2014, June 21, 2014, June 26, 2014, and July 3, 2014. Defendant Andre Hall is charged with committing the robberies on June 26, 2014 and July 3, 2014. Defendants Wells and Hall are also charged with conspiracy to commit the June 26, 2014 robbery. Defendant Dobbins is charged with committing the robbery on July 3, 2014. Defendants

Wells, Hall and Dobbins are also charged with conspiracy to commit the July 3, 2014 robbery. The Defendants are also charged with use of a firearm during and in relation to a crime of violence with respect to the robberies in which they allegedly participated.

Defendants Dobbins and Hall filed substantially identical motions to sever based on two grounds. First, Defendants Dobbins and Hall argue that they are mis-joined with respect to the robberies that they are not accused of committing. Rule 8(b) of the Federal Rules of Criminal Procedure states, in this regard, that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transaction constituting an offense or offenses." Second, Defendants Hall and Dobbins made post-arrest statements to law enforcement officers which allegedly implicate themselves and their co-defendants in the robberies in which they participated. Defendants argue that introduction of these statements at trial requires severance pursuant to *Bruton v. United States*, 391 U.S. 123, 137, 88 S.Ct. 1620 (1968). The parties agree that to avoid prejudice resulting from the mis-joinder under Rule 8(a) and potential prejudice resulting from the introduction of a non-testifying defendant's confession, each Defendant should be separately tried on the counts alleged against him individually. Thus, Defendant Dominique Wells will be separately tried on Counts One through Twelve of the Indictment. Defendant Andre Hall will be separately tried on Counts Seven through Twelve; and Defendant Dobbins will be separately tried on Counts Ten through Twelve. The parties have also agreed that the trials should proceed in the following order: (1) Defendant Wells; (2) Defendant Hall; and (3) Defendant Dobbins.

Defendants Wells and Hall assert they may also have grounds to move for severance of the counts charged against them individually. Rule 8(a) states, however, that an indictment may charge a defendant in separate counts with two or more offenses if the offenses charged are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. The offenses charged against Defendants Wells and Hall appear to be of the same or similar character, i.e., they each involve an alleged robbery. The Court will, however, grant Defendants Wells and Hall leave to move for severance of counts if grounds reasonably exist for such further severance. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Christopher Dobbins' Motion to Sever (#41), Defendant Andre Hall's Motion to Sever (#43), and Defendant Dominique Well's Joinder to Co-Defendants' Motions to Sever (#46) are **granted** as follows:

1. Each Defendant shall be separately tried on the counts alleged against him in the indictment.

2. The trials of Defendants shall proceed in the follow order: (1) Defendant Wells, (2) Defendant Hall, and (3) Defendant Dobbins.

**IT IS FURTHER ORDERED** that Defendants Wells and Hall may move to sever trial of the counts against them, individually, if grounds reasonably exist for such severance. To avoid unnecessary delay, any further motion for severance shall be filed on or before February 20, 2015.

DATED this 5th day of February, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge